Filed 05/12/25

VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 21-ENV-00021
Docket No. 21-ENV-00124

---

**110 Riverside Avenue NOV Appeal.**

**City of Burlington v. SBIG, LLP**

**DECISION ON MOTION**

---

These two coordinated matters relate back to a December 3, 2020 Notice of Violation issued by the City of Burlington (City) against Sisters and Brothers Investment Group, LLP (Respondent) for operating an automobile/vehicle salvage yard at 110 Riverside Avenue, Burlington, Vermont (the Property) without a zoning permit, and for occupying the Property without a Unified Certificate of Occupancy. Both actions were resolved by way of a proposed Stipulation and Order, which was endorsed by this Court (Durkin, J.) on October 13, 2023. On March 19, 2025, the City filed post-judgment motions to enforce the Stipulation and Order and for contempt. The Court held an evidentiary/show cause hearing on the motions and rendered a decision on April 18, 2025. In re 110 Riverside Ave., Nos. 21-ENV-00021, 21-ENV-00124 (Vt. Super. Ct. Envtl. Div. April 18, 2025) (McLean, J.).

Presently before the Court is Respondent's motion to reconsider and reduce the penalty assessed in the April 18 Decision.

## Discussion

The Court analyzes motions to reconsider under Vermont Rule of Civil Procedure 59(e), governing motions to alter or amend judgments. V.R.C.P. 59(e). Rule 59(e) endows this Court with broad power to alter or amend a prior decision. In re SP Land Co., LLC, 2011 VT 104, ¶ 16, 190 Vt. 418 (citation omitted). However, the Court considers such motions to be an "extraordinary remedy that should be used sparingly." Mountain Top Inn & Resort JO, No. 23-3-17 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Feb. 14, 2019) (Durkin, J.) (citation omitted).

This Court will only grant a Rule 59(e) motion for one of four reasons: "[1] to correct manifest errors of law or fact on which the decision was based, [2] to allow the moving party to present newly discovered or previously unavailable evidence, [3] to prevent manifest injustice, or [4] to respond to an intervening change in the controlling law." Id. at 2 (quoting In re Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. July 10, 2008) (Wright, J.) (quoting 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil § 2810.1 (2d ed. 1995)). Importantly, Rule 59(e) motions are "not intended as a means to reargue or express dissatisfaction with the Court's findings of fact and conclusions of law" and cannot "merely repeat[] arguments that have already been raised and rejected by the Court." Town Clarendon v. Houlagans MC Corp. of VT., No. 131-10-17 Vtec, slip op. at 1 (Vt.

Super. Ct. Envtl. Div. Apr. 10, 2014) (Walsh, J.); Appeal of Van Nostrand, Nos. 209-11-04 Vtec, 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.).

Respondent's motion is only three sentences long and does not cite to any of the applicable standards that would justify reconsideration of the April 18 Decision. Respondent argues that the trial testimony of William Ward, the City's Director of Permitting and Inspections, effectively modified the Stipulation and Order such that Respondent was entitled to store more than 40 cars on the Property. Because of this de facto modification/acquiescence, Respondent further argues that the Court should assess a lower penalty amount. We decline to do so.

The Court directly addressed the City Inspector's testimony regarding the number of cars allowed on the Property in Finding of Fact #49 of the April 18 Decision. The Court considered the fact that parking at the Property is inherently transient, and that according to Director Ward, the City might not have had an issue if there were temporarily more than 40 vehicles on the Property, as long as the Property did not contain more than 40 cars at the end of each day, as required by the Stipulation and Order. Despite this testimony, Respondent offered no documentary or other credible evidence to suggest that the Property was, in fact, in compliance with this provision in the Stipulation and Order. In contrast, the City provided witness testimony and voluminous photographic evidence that the Property exceeded the 40-car maximum on multiple occasions. Moreover, the evidence at the hearing demonstrated that Respondent was not in compliance with several other provisions in the Stipulation and Order, leading to the Court's penalty calculations.

Respondent had a full and fair opportunity to present evidence at the motion/show cause hearing regarding compliance with the Stipulation and Order. The Court's penalty calculations are directly related to the evidence that was received during that hearing, inclusive of Director Ward's testimony. Other factors considered by the Court in arriving at a penalty amount are set forth at length in the Decision on Motions. Respondent has offered no factual or legal basis which would support reconsideration and reduction of that penalty amount. Accordingly, Respondent's motion is **DENIED**.

Electronically signed on May 12, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division